1

**SKIBA LAW GROUP, PLC**
John N. Skiba (022699)

2

1640 South Stapley Drive, Suite 127
Mesa, Arizona 85204

3

T: (480) 420-4028  F: (480) 302-7844
Email: john@skibalaw.com

4

Counsel for Plaintiff

5

6

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

7

8

9

DESIREE DANCER,

                    Plaintiff,

10

v.

11

WAYNE P. MARSH, P.C. D/B/A MARSH
LAW GROUP, an Arizona Professional

12

Corporation; ALCO CAPITAL GROUP, LLC, a
Wisconsin limited liability company; JIMMY

13

BRACY and JANE DOE BRACY, husband and
wife; MARY LYNN and JOHN DOE LYNN,

14

wife and husband,

15

                    Defendants.

Case No: _____

**COMPLAINT**

JURY TRIAL DEMANDED

16

17

        Plaintiff Desiree Dancer, through counsel, does hereby state her complaint against

18

Defendants Wayne P. Marsh, P.C. d/b/a/ Marsh Law Group, Alco Capital Group, LLC, Jimmy

Bracy and Jane Doe Bracy, and Mary Lynn and John Doe Lynn as follows:

19

## **JURISDICTION**

20

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §

21

        1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

22

2.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act,

        15 U.S.C. § 1692 et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by

23

        these Defendants in their efforts to collect a consumer debt.

3.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.   Plaintiff Desiree Dancer is a natural person who resides in the City of Scottsdale, County of Maricopa, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.   Defendant Wayne P. Marsh, P.C. d/b/a Marsh Law Group (hereinafter "Defendant") is a collection law firm operating from an address of 17220 North Boswell Blvd., Suite 240E, Sun City, Arizona 85373, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.   Defendant Alco Capital Group, LLC is limited liability company organized and operating under the laws of the State of Wisconsin, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.   Defendant Jimmy Bracy (hereinafter "Defendant Bracy") is a natural person employed by Defendant Wayne P. Marsh, P.C. d/b/a Marsh Law Group as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.   Defendant Mary Lynn (hereinafter "Defendant Lynn") is a natural person employed by Defendant Wayne P. Marsh, P.C. d/b/a Marsh Law Group as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.   Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) through Citibank, N.A.

10.   Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Capital Management Services, Credit Control, LLC, Client Services Incorporated, NCO Financial Systems, Inc., and finally to Defendant Wayne P. Marsh, P.C.  for collection from the Plaintiff.

11.  On or about September 28, 2010 Plaintiff sent a letter to Client Services Incorporated demanding that all contact cease as to Plaintiff as well as Plaintiff's parents.  *See* attached Letter dated 9/28/2010, a true and accurate copy is attached as Exhibit A.

12.  On or about May 9, 2012 Citibank, N.A. sent a letter to Plaintiff acknowledging that Plaintiff had made a demand that all contact stop.  *See* Letter, dated 5/9/2012, a true and accurate copy is attached as Exhibit B.

13.  Despite Plaintiff's written request that collections cease on the debt, Citibank, N.A. entered into an agreement with Credit Control, LLC in connection with the subject account and Credit Control, LLC again began contacting Plaintiff for collection purposes.

14.  On or about May 6, 2013 Plaintiff sent a letter to Credit Control, LLC again requesting that all collections stop on the account and that the debt be verified.  *See* Letter dated 5/6/2013, a true and accurate copy is attached as Exhibit C.

15.  Despite demands that all collections on the account cease Defendant Wayne P. Marsh, P.C. d/b/a Marsh Law Group, on behalf of Alco Capital Group, contacted Plaintiff on the telephone in February, 2014.

16.  Shortly after contacting Plaintiff via telephone Defendant Marsh Law Group contacted Plaintiff's Mother by telephone, leaving a voicemail asking Plaintiff's Mother to relay a message to Plaintiff to contact the Marsh Law Group.

17.  On or about May 20, 2014 Plaintiff received email correspondence from her employer, Alhambra School District, informing her that Mary Lynn from the Marsh Law Group was looking for her and for Plaintiff to return her call.  Plaintiff is an elementary school teacher for the Alhambra School District.

18.  On or about May 21, 2014 Defendant Mary Lynn of the Marsh Law Group called Plaintiff on the direct line extension into her classroom and attempted to negotiate a settlement.  Ms. Lynn stated that she "didn't know if [Plaintiff] was honest or not" and  this was Plaintiff's "last chance to settle before going to court" and that they "knew where she worked and they would now sue [her] and garnish [her] wages".

19.  In hopes of getting Defendants to cease calling her classroom Plaintiff inquired about a possible settlement.  Ms. Lynn responded by stating that "only the attorney could make settlement negotiations" and then told her to "hold on" while she got the attorney.  At that

point Defendant Jimmy Bracy got on the telephone and informed Plaintiff that "his paralegal was in the room and listening".

20. The collection calls to Plaintiff's classroom interfered with her ability to teach her class and assist her students.

21. On multiple occasions Mr. Bracy denied that he was a debt collector but an "attorneys office" collecting for his client.

22. Plaintiff made a request that Mr. Bracy provide a validation of debt. Mr. Bracy resisted and responded by stating that validating the debt "would cost his client more money" so they would just "sue [Plaintiff] for the total".

23. Plaintiff made a request to Mr. Bracy for Alco Capital Group's contact information which was declined by Mr. Bracy.

24. Mr. Bracy told Plaintiff that she would be required to pay for each attempt that a process server made to try and serve her with a lawsuit. Mr. Bracy informed Plaintiff that she would be held liable for $823.14 in process serving fees, despite the fact that a lawsuit has not been served upon Plaintiff.

25. On or about May 28, 2014 Plaintiff sent an email to Mr. Bracy at the Marsh Law Group, requesting validation of the debt, specifically requesting documents demonstrating the connection between Citibank and Alco Capital Group.

26. In response to Plaintiff's email Defendant Jimmy Bracy, on behalf of Marsh Law Group, sent a collection email to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). In response to Plaintiff's request for verification of the debt Mr. Bracy wrote "*if you are requesting original statements from Citibank/Citifinancial I can request those from our client and provided those to you once received but we will no longer negotiate a settlement*".

27. On multiple occasions Mr. Bracy sent collection communication to Plaintiff that failed to include the required notification of 15 U.S.C. § 1692e(11).

28. Defendants collectively are in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692(b)(1), 1692(b)(2), 1692(b)(3), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692c(c), 1692e, 1692e(3), 1692e(5),  1692e(11), 1692f, and 1692f(1).

-4-

29. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Plaintiff's home and workplace.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

33. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

### COUNT II.

### VIOLATIONS OF THE ARIZONA FAIR DEBT COLLECTION PRACTICES ACT

### A.R.S § 32-1001 et seq.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the Arizona FDCPA including, but not limited to, each and every one of the above-cited provisions of the Arizona FDCPA, A.R.S. § 32-1001 et seq.

36.     Plaintiff is entitled to actual damages and attorney's fees and costs from each and every defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

### COUNT II.

### VIOLATIONS OF THE ARIZONA FAIR DEBT COLLECTION PRACTICES ACT

### A.R.S § 32-1001 et seq.

- for an award of actual damages against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees against each and every Defendant;

///

1

**DATED** this 3rd day of November, 2014.

2

3                                          Skiba Law Group, PLC

4

5                                          _____

6                                          John N. Skiba
                                           *Attorney for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23